USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/26/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAYSON MCNEIL,

                Petitioner,

-against-

FEDERAL BUREAU OF PRISONS,

                Respondent.

24-CV-2978 (ALC)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

ANDREW L. CARTER, JR., United States District Judge:

      Jayson McNeil, who is currently incarcerated in USP Terre Haute in Indiana, brought an action together with other incarcerated individuals. *See Pinson v. Federal Bureau of Prisons*, No. 24-CV-1312, 1 (MKV). Each individual's claims were severed and opened as a separate action, and the first of these severed actions was assigned to my docket under the Rules for the Division of Business Among District Judges. *See Moreno v. Federal Bureau of Prisons*, No. 24-CV-2900 (ALC). On June 7, 2024, in *Moreno*, No. 24-CV-2900, the complaint seeking injunctive relief from the U.S. Bureau of Prisons was recharacterized as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, for which the applicable filing fee is $5.00. *See Moreno*, No. 24-CV-2900, 6.

      McNeil's severed claims were opened as a new action under this docket number, 24-CV-2978, and the action was assigned to my docket as related to *Moreno*, No. 24-CV-2900 (ALC). Because McNeil also challenges his conditions of confinement, for the reasons stated in the June 7, 2024 order in *Moreno*, No. 24-CV-2900, the Court deems this action as a petition for writ of *habeas corpus* under Section 2241. McNeil must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), submit a signed IFP application. *See* 28 U.S.C.

§§ 1914, 1915. The filing fee or an IFP application must be submitted 30 days of the date of this order.

If McNeil submits the IFP application, it should be labeled with docket number 24-CV-2978 (ALC). If the Court grants the IFP application, McNeil will be permitted to proceed with the Section 2241 petition without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

The Court construes this action as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Court grants McNeil 30 days' leave to either pay the $5.00 fee or submit a completed and signed IFP application.

No answer shall be required at this time. If McNeil fails to comply with this order within the time allowed, or otherwise respond, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   6/26/24
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge